# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JONAS PESINA,                )
                             )
      Petitioner,          )
                             )
vs.                          )   Case No. CIV-15-744-W
                             )
STATE OF OKLAHOMA,           )
                             )
      Respondent.          )

## REPORT AND RECOMMENDATION

**I.  Background.**

Jonas Pesina (Petitioner), a pretrial detainee in the Jackson County Law Enforcement Center, petitioned the court for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 8. He purported to challenge Case Nos. "CF-99-157, CF-04-323" in "Altus, Oklahoma," and complained about his counsel's failure to advise him of sex offender registration requirements and claimed his "case file" references no such requirement. *Id.* at 2. He alleged he neither knew of nor did his counsel inform him of "any appeal process." *Id.* at 3. Petitioner claimed "[t]he officials are trying to make it a retroactive law on my case." *Id.* at 6.

United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends dismissal of the action – without prejudice – due to Petitioner's failure to comply with court rules and to prosecute

his habeas action.

## II. Petitioner's failure to follow court rules and to prosecute his action.

On September 15, 2015, the undersigned advised Petitioner:

> The court is unable to ascertain from Petitioner's pleadings what he is attempting to challenge: his pretrial detention arising from what the court assumes were his convictions in Case Nos. CF-99-157 and CF-04-323 – convictions he admittedly did not appeal – or his pretrial detention on new charges in an unspecified case. Accordingly, the court instructs the Clerk of Court to provide Petitioner with a form Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and orders Petitioner to complete and file the form petition on or before October 6, 2015, clearly stating on what basis he is being held in pretrial detention and precisely why he believes his pretrial detention is unconstitutional.

Doc. 11, at 1-2. The undersigned specifically informed Petitioner "that his failure to do so will result in a recommendation that his current petition be dismissed without prejudice to being refiled." *Id.* at 2.

The court's docket report shows the Clerk of Court mailed the order and form petition to Petitioner – using the address he had provided and the court had used to (successfully) deliver his previous mail – on September 15, 2015; on September 23, 2015, the facility returned the mailing to sender, stating "not here," "not deliverable as addressed," and "unable to forward." Doc. 12, at 13-14. The court received the returned mailing on September 30, 2015. *Id.* So, Petitioner did not receive the undersigned's order and, necessarily, did not (and

2

could not) comply.

But the docket report also shows on July 9, 2015, the same day Petitioner filed his initial petition, the Clerk of Court sent Petitioner a copy of this Court's Local Civil Rule regarding his obligation to notify the court of any change of address with a copy of the form for that purpose. *See* LCvR 5.4(a). Petitioner's most recent filing with the court was his August 11, 2015 application for leave to proceed in forma pauperis, Doc. 9, and he has not reported a change of address. He is no longer prosecuting his action and has left the court with no means of communication.

### III. Petitioner's failures warrant the dismissal, without prejudice, of his habeas action.

If a habeas petitioner fails to comply with a court rule or to prosecute his case, "[a] district court may dismiss [the] action sua sponte" under Fed. R. Civ. P. 41(b). *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009). When the dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). And, while dismissal without prejudice for failure to prosecute or comply with court rules and orders can have the same consequence as a dismissal with prejudice if a period of limitation is implicated, Petitioner states he is a pretrial

3

detainee who, by definition, had not been convicted when he filed his amended petition.[1]  Doc. 8, at 1.

## IV. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends the dismissal without prejudice of Petitioner's habeas action.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before November 11, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

[1]  As stated, it is possible Petitioner intends to challenge convictions in Case Nos. "CF-99-157, CF-04-323."  Doc. 8, at 2.  If so, his period of limitation would have ordinarily expired long before he filed this petition.

ENTERED this 22nd day of October, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE